MEMO ENDORSED:
The conference scheduled for May 6, 2021 is adjourned <u>sine die</u>. By July 5, 2021, the parties will submit a joint letter providing an update on the status of the case.

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge

Dated: May 4, 2021



**T**HE **C**ITY OF **N**EW **Y**ORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**NELSON R. LEESE**
*Senior Counsel*
Phone: (646) 983-9682
Fax: (212) 356-3509
nleese@law.nyc.gov

April 30, 2021

**VIA ECF**
Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Courtroom 705
New York, New York 10007

Re:   *Rhashawn Wilson v. City of New York, et al.*,
      21 Civ. 00479 (PGG)

Your Honor:

I am a Senior Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney representing defendants City of New York, Nicholas McQuail, and William Dunn (hereinafter, "City Defendants") in the above-referenced action.[1] I write jointly with plaintiff's counsel, Mr. Sameer Nath, to respectfully request that the case continue to proceed under Local Civil Rule 83.10 ("the § 1983 Plan") and that the initial pretrial conference presently scheduled for May 6, 2021—and all other associated deadlines not set forth in § 1983 Plan—be adjourned *sine die* until the Court is notified that the § 1983 Plan mediation has been completed. Upon information and belief, this extension will not affect any other Court-ordered deadlines in this litigation.

By way of background, plaintiff Rhashawn Wilson alleges that his federal and New York State civil rights were violated by the City of New York and New York City Police Department members of service Nicholas McQuail, William Dunn, and Karl Rugg—as well as a number of "John Doe" and "Jane Doe" officers—during plaintiff's January 14, 2020 arrest and subsequent prosecution. The plaintiff asserts twenty separate federal and state law causes of action, principally sounding in unlawful search and seizure, false arrest, malicious prosecution, denial of right to fair trial, and of excessive force. Plaintiff also asserts a claim against the City of New York pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

---

[1] The Office of the Corporation Counsel has not yet determined whether it will offer representation to defendant Karl Rugg. Mr. Rugg was served in this matter on March 4, 2021. As this case is participating in Local Civil Rule 83.10, Mr. Rugg's deadline to answer or otherwise respond to the complaint is Monday, May 3, 2021.

There are several reasons for continuing to proceed under the § 1983 Plan before moving forward with an initial conference and discovery management plan.  As an initial matter, the § 1983 Plan states that "[u]nless otherwise ordered" the § 1983 Plan shall apply "in civil cases filed by a represented plaintiff against the City of New York [] and/or the New York City Police Department [] or its employees alleging the use of excessive force, false arrest, or malicious prosecution by employees of the NYPD in violation of 42 U.S.C. § 1983."  This case fits neatly under the rubric for a § 1983 Plan case and, accordingly, the parties respectfully submit that there is no reason in this case to deviate from the default procedures outlined in the § 1983 Plan.

Additionally, the § 1983 Plan provides specific efficiencies and encourages early resolution of cases that allege the type of claims at issue in this case against the City and NYPD officers.  Notably, the § 1983 Plan anticipates the common categories of releases and limited discovery that are most relevant to the sorts of claims raised in this case and provides an expedited schedule for the automatic production of this material.  Additionally, the § 1983 Plan provides a standard protective order for the production of confidential documents.  These two provisions create a more streamlined process for the resolution of frequently litigated issues, obviating the need for Court intervention to resolve disputes in the early stages of litigation.

Finally, the § 1983 Plan encourages early settlement discussions following the exchange of limited discovery by providing a schedule for the exchange of an initial settlement demand and offer, followed by a requirement that the parties attend a mediation before formal—and costly—discovery commences.  In straightforward civil rights actions such as this one, it is the undersigned's experience that the § 1983 Plan mediation often results directly in settlement or facilitates a successful settlement shortly thereafter.

For the reasons set forth above, the parties respectfully request that this case continue to proceed under Local Civil Rule 83.10 ("the § 1983 Plan") and that the initial pretrial conference presently scheduled for May 6, 2021—and all other associated deadlines not set forth in § 1983 Plan—be adjourned *sine die* until the Court is notified that the § 1983 Plan mediation has been completed.

Thank you for your consideration herein.

Respectfully submitted,

/s/ *Nelson R. Leese*

**Nelson R. Leese**
*Senior Counsel*

cc: **BY ECF**
Sameer Nath
*Attorney for Plaintiff*